UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BRANDON SCHEXNAYDER** | : | **CIVIL ACTION NO. 15-1195** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **MD NIGERIA, L.L.C. AND MEGADRILL SERVICES LIMITED** | : | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Currently before the court is Brandon Schexnayder's ("Plaintiff") Motion to Remand and Alternative Request for Jurisdictional Discovery. Doc. 9. The motion is opposed by defendants, Megadrill Services Limited ("Megadrill") and MD Nigeria, L.L.C. ("MD Nigeria"). For the following reasons:

**IT IS ORDERED** that the Motion to Conduct Jurisdictional Discovery is **GRANTED** and that the Motion to Remand is stayed pending the conclusion of the discovery period.

## I.
### BACKGROUND

On June 13, 2014, plaintiff, a Louisiana resident, was allegedy injured while working aboard the Monarch drilling rig, owned by Megadrill. Plaintiff filed suit seeking damages in the 38th Judicial District Court, Cameron Parish, Louisiana. Plaintiff originally named MD Nigeria, a Limited Liability Company based in Lafayette, Louisiana as defendant.[1]  Plaintiff has since amended his complaint to add Megadrill, a corporation organized in the British Virgin Islands with offices in Lafayette, Louisiana as a defendant.

---

[1] MD Nigeria's status as a Louisiana citizen is not disputed by plaintiff or defendants.

Defendant Megadrill Services Limited removed this case pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 basing removal on diversity jurisdiction and alleging improper joinder of the non-diverse MD Nigeria. Defendants claim that at the time of the accident, the Monarch rig was owned by Megadrill and had no affiliation with MD Nigeria and that plaintiff has no possibility of recovery against MD Nigeria.

Plaintiff filed the current Motion to Remand, claiming that MD Nigeria was properly joined and that Megadrill is a Louisiana citizen, both of which would destroy diversity in the suit. Plaintiff alternatively requests jurisdictional discovery to assess the working relationship and interconnectedness of Megadrill and MD Nigeria relative to the Monarch rig and to investigate the domicile of Megadrill. Doc. 9. Plaintiff contends that such discovery will show MD Nigeria was properly joined and Megadrill's principle place of business is in Louisiana, rendering it a Louisiana citizen. *Id*.

Defendants filed an opposition to this motion.[2] Doc. 11. Megadrill claims that diversity remains in this suit because MD Nigeria was improperly joined and because Megadrill is not a citizen of Louisiana. *Id.* Defendants also claim that MD Nigeria was in no way related to the Monarch rig or plaintiff's employment, and therefore was improperly named in plaintiff's petition. *Id.* Megadrill claims that because it is incorporated in the British Virgin Islands, it is a foreign citizen and proper diversity exists between the parties. *Id*. Megadrill concedes, however, that it is amendable to conducting jurisdictional discovery within the limits of the Federal Rules of Civil Procedure in order to establish its citizenship. *Id.* at 5.

---

[2] Both defendants are represented by the same attorney who filed the opposition on behalf of each.

## II
### LAW AND ANALYSIS

Generally, Federal Rule of Civil Procedure 26(d)(1) prohibits parties from engaging in discovery prior to a Rule 26(f) conference. However, an exception to the general prohibition against pre-conference discovery applies when discovery is "authorized by … court order." Fed. R. Civ. P. 26(d)(1).

Although the Fifth Circuit has not established a standard for allowing expedited discovery, many courts, including courts in this district, grant discovery before a Rule 26(f) conference where "good cause" exists. *See, e.g., Wilson v. Samson Contour Energy E & P, LLC*, 2014 WL 2949457, at *2 (W.D. La. June 30, 2014); *BKGTH Prods., LLC v. Does, 2013* WL 5507297, at *6 (E.D. La. Sept. 30, 2013). Under a "good cause" analysis, courts "examine the discovery request on the entirety of the record to date and the reasonableness of the request in light of the surrounding circumstances." *Wilson*, 2014 WL 2949457, at *2 (quoting BKGTH Prods., LLC 2013 WL 5507297, at *5). Good cause exists where "the need for expedited discovery outweighs the prejudice to the responding party." *BKGTH Prods., LLC,* 2013 WL 5507297, at *5 (quoting *St. Louis Group, Inc. v. Metals and Additives Corp., Inc*., 275 F.R.D. 236, 239-40 (S.D. Tex. 2011). The party seeking expedited discovery has the burden to establish good cause. *BKGTH Prods., LLC*, 2013 WL 5507297, at *5 (citing *Qwest Comm'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003).

The court may deny a request to conduct jurisdictional discovery where the party invoking discovery fails to describe the discovery it seeks to conduct, the evidence it expects to discover, and how that evidence would advance its allegations of the court's personal jurisdiction over another party. *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 856 (5th Cir. 2000).

Plaintiff contends that MD Nigeria and Megadrill are substantially connected to one another as they are owned by the same individual, represented by the same counsel, and operate out of the same office. Doc. 9, att. 1, p. 7. Plaintiff believes he has a legitimate cause of action as MD Nigeria may be engaged in a joint venture with Megadrill. This belief stems from plaintiff's claim that the Monarch's previous location was in Nigeria and its eventual destination is also there, and that both MD Nigeria and Megadrill are owned by the same individual. *Id.* Further, in the months following the incident at issue the Monarch rig was sold from Megadrill to MD Nigeria and eventually back to Megadrill, the current owner. Doc. 11, p. 1-2. In order to show the connection between MD Nigeria and Megadrill, plaintiff prays for the opportunity to conduct discovery into the relationship between these companies. In opposition, defendants state that MD Nigeria had no involvement with the Monarch rig, claiming it was neither owned nor operated by MD Nigeria. Defendants did not otherwise address plaintiff's assertion of connexity between the businesses.

Plaintiff also contests Megadrill's domicile. Though incorporated in the British Virgin Islands, plaintiff asserts that Megadrill's principle place of business is in Louisiana, making it a citizen of the state. Under 28 U.S.C. § 1332(c)(1), " a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business…" Plaintiff cites the business' mailing address, the business operations, and the industry regard for Megadrill as a Louisiana company as a basis for Megadrill's principle place of business being in Louisiana. Doc. 9. Plaintiff also cites publications describing Megadrill as a Lafayette based company. *Id.* at att. 6, 7, 9. In its opposition to the Motion to Remand, Megadrill emphasizes that it is a citizen of the British Virgin Islands as it was incorporated there. However, as Megadrill

noted, a corporation may still be a citizen of the state in which it has its principle place of business when it is different from its state of incorporation.

Plaintiff prays for the following discovery: Megadrill's mailing and office addressess in the British Virgin Islands; the nature of its business; Megadrill's business contact information, including phone numbers and e-mail addresses; number of persons employed by Megadrill who are citizens of the British Virgin Islands and where they work; number of persons employed by Megadrill's president, CEO, officers, and other managerial staff; tax filings; parent companies, subsidiaries, and partners; bills of lading; charitable donations made by Megadrill in the British Virgin Islands and in Louisiana; and political campaign contributions in the British Virgin Islands and in Louisiana. Doc. 9, att. 1, p. 9-10.

We find that plaintiff has established good cause for jurisdictional discovery and we find the request reasonable. We also find that plaintiff has set forth sufficient evidence of what it intends to pursue in discovery that would advance his arguments concerning this court's jurisdiction.

### III.
#### CONCLUSION

For the foregoing reasons:

**IT IS ORDERED** that plaintiff's Request for Jurisdictional Discovery is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff is given forty-five days within which to conduct discovery limited to the issues of Megadrill's priniple place of business and the relationship between MD Nigeria and Megadrill.

**IT IS FURTHER ORDERED** that the Motion to Remand be stayed pending the conclusion of the discovery period. Plaintiff is to file a supplementary brief thirty days after the conclusion of discovery, and defendant may file a response within twenty-one days.

THUS DONE this 23rd day of June, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE