UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| BRANDON SCHEXNAYDER | * | DOCKET NO. 2:15-cv-1195 |
| v. | * | JUDGE MINALDI |
| MD NIGERIA, LLC, and MEGADRILL SERVICES LTD. | * | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss (Rec. Doc. 26) filed by defendant MD Nigeria, L.L.C. ("MD Nigeria"), and an Opposition (Rec. Doc. 29) filed by plaintiff Brandon Schexnayder. For the following reasons, MD Nigeria's motion will be **GRANTED**.

## FACTS & PROCEDURAL HISTORY

Schexnayder alleges that he sustained an injury while employed as a rigger aboard the MONARCH rig then located in Cameron Parish on June 13, 2014.[1] Schexnayder originally filed suit in the Thirty-Eighth Judicial District Court, Cameron Parish, Louisiana, against defendant MD Nigeria,[2] and later added Megadrill Services Limited ("Megadrill") as a defendant.[3] Schexnayder alleges he was injured because of Megadrill's negligence, and he asserts claims against MD Nigeria and Megadrill under 33 U.S.C. § 905(b) of the Longshore and Harbor Workers' Compensation Act ("LHWCA").[4]

---

[1] Ex. A, Pet. for Damages (Rec. Doc. 1-2), at ¶¶ 4-5.
[2] See Ex. A, Pet. for Damages (Rec. Doc. 1-2).
[3] See Ex. A, Am. Pet. for Damages (Rec. Doc. 1-2).
[4] See Ex. A, Pet. for Damages (Rec. Doc. 1-2); see also Ex. A, Am. Pet. for Damages (Rec. Doc. 1-2).

On April 16, 2015, Megadrill removed the case pursuant to 28 U.S.C. §1332,[5] claiming complete diversity existed because Megadrill was an alien corporation and MD Nigeria was improperly joined to the suit.[6] Schexnayder filed a motion to remand,[7] and the Magistrate Judge granted his alternative request for jurisdictional discovery.[8] Following the completion of the allowed discovery, Schexnayder filed a second motion to remand based on lack of diversity.[9] After considering the evidence, the Magistrate Judge determined that MD Nigeria was improperly joined and denied the second motion to remand.[10] On December 29, 2015, MD Nigeria filed the present motion.[11]

## LAW & ANALYSIS

Motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure seek the dismissal of an action for failure to state a claim and challenge the sufficiency of a plaintiff's allegations. FED. R. CIV. PRO. 12(b)(6). In the Fifth Circuit, Rule 12(b)(6) motions to dismiss are generally viewed with disfavor and should rarely be granted. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (quoting *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "When there are well-pleaded factual

---

[5] *See* Not. of Removal (Rec. Doc. 1).
[6] *Id.* at 4-9.
[7] Mot. to Remand (Rec. Doc. 9).
[8] Mem. Order (Rec. Doc. 12).
[9] Second Mot. to Remand (Rec. Doc. 16).
[10] Mem. Ruling (Rec. Doc. 25).
[11] Mot. to Dismiss (Rec. Doc. 26).

allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. When deciding a 12(b)(6) motion to dismiss, "courts must consider the complaint in its entirety, as well as other . . . matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights Ltd.*, 551 U.S. 308, 322 (2007).

The LHWCA provides a cause of action for a worker injured by the negligence of a vessel against the vessel's owner. 33 U.S.C. §905(b). In his motions to remand, Schexnayder asserted that MD Nigeria was a proper party under the LHWCA because MD Nigeria and Megadrill were in a joint venture, and therefore both were owners of the MONARCH. MD Nigeria responded that no joint venture existed and that it had been improperly joined. In denying the second motion to remand, the Magistrate Judge considered several factors, some of which weighed in favor of determining a joint venture existed, but ultimately concluded that there was no joint venture between MD Nigeria and Megadrill. The court takes judicial notice of the Magistrate Judge's ruling and finds that because there was no joint venture between MD Nigeria and Megadrill, MD Nigeria was not the owner of the MONARCH at the time of the incident. Thus, Schexnayder has failed to state a claim under the LHWCA against MD Nigeria that is plausible on its face. Nonetheless, MD Nigeria will be dismissed without prejudice so that Schexnayder may reinstate his claim against it if he discovers new, significant evidence that strongly indicates the existence of a joint venture between MD Nigeria and Megadrill.

Lake Charles, Louisiana, this _10_ day of ____July____, 2016.

_____
PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE